**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-5140**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SHONA RENEA LANGLEY,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.   James P. Jones, Chief District Judge.  (1:05-cr-00057-JPJ-PMS-1)

───────────

Submitted:  December 18, 2009        Decided:  January 28, 2010

───────────

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Larry W. Shelton, Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant.  Julia C. Dudley, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shona Renea Langley appeals the district court's judgment revoking her original sentence of probation and imposing a thirty-six month prison sentence. We affirm.

In 2005, Langley pled guilty, pursuant to a written plea agreement, to one count of misprision of a felony, in violation of 18 U.S.C. § 4 (2006). A conviction under 18 U.S.C. § 4 carries a maximum term of imprisonment of three years. Langley's guideline range for the offense was zero to six months' imprisonment. She was sentenced to a five-year term of probation.

In July 2008, Langley's probation officer filed a probation violation report with the district court. The report detailed five violations of the terms of Langley's probation – that Langley left the judicial district without permission, failed to submit her mandatory monthly reports to her probation officer for the months of April, May and June of 2008, failed to notify her probation officer of a change in address, was associating with a known felon, and was neglecting her parental responsibilities. These violations occurred when Langley, after leaving her children in the care of others, began living with Charlie Smith, a known felon, in the Eastern District of Virginia. After a revocation hearing, the district court opted

2

to continue Langley's probation and ordered her to serve a four-month term at a community corrections center.

At the time of the hearing, Langley was subject to detention by state authorities for also violating the terms of her state probation. Accordingly, instead of beginning to serve her four-month term at the community corrections center, Langley was released to state authorities and placed under state custody. Langley, through her attorney, advised the court that she intended to remain in state custody pending her state revocation hearing, and Langley's federal probation officer directed that Langley was to contact her if she secured a bond on the state charges. Langley did secure a bond, but failed to notify her federal probation officer when she was released from state custody. Instead, Langley again left the judicial district in the company of Smith. Consequently, Langley's probation officer filed a second probation violation report with the district court.

Langley's new probation violation report detailed violations similar to the earlier report – that Langley traveled outside of the district without permission, was neglecting her responsibilities as a parent, failed to notify her probation officer of a change in address, and was associating with a known felon. The report also referenced two additional violations. It noted Langley's failure to follow the instructions of her

3

probation officer – in that she failed to contact the probation officer upon her release from state custody – and that Langley had recently been arrested and convicted in state court on multiple charges relating to bad checks. At her new probation revocation hearing, Langley admitted to these latest violations, and the district court, noting that Langley had committed these latest probation violations in a matter of days after she had previously appeared before the court, sentenced her to thirty-six months' imprisonment – the statutory maximum. Langley now appeals that sentence.

We review probation revocation sentences "to determine if they are plainly unreasonable." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Review of a probation revocation sentence under this standard proceeds in two parts. First, we must determine whether the sentence is unreasonable. Id. If the sentence is not unreasonable, it is affirmed. United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006). If we deem the sentence unreasonable, however, then we must ask whether it is "plainly" unreasonable – "relying on the definition of 'plain' [used] in . . . 'plain' error analysis." Id. Thus, we would assess whether the unreasonableness of the sentence is "clear" or "obvious." Id. Importantly, when we review a probation revocation sentence for reasonableness we "take[] a more 'deferential appellate posture concerning issues

4

of fact and the exercise of discretion' than reasonableness review for guidelines sentences." Moulden, 478 F.3d at 656.

On appeal, Langley attacks both the procedural and substantive reasonableness of her sentence, contending that the district court failed to include an adequate statement of reasons justifying its imposition of a thirty-six month sentence and arguing that a thirty-six month sentence is too extreme a punishment given that the Chapter 7 policy statements suggested only a five to eleven month sentencing range in her case. We disagree on both points.

First, the record in this case evinces no significant procedural error. The record shows that the district court adopted Langley's probation violation report, which included the five to eleven month imprisonment range suggested by the Chapter 7 policy statements, but chose to sentence Langley to thirty-six months of imprisonment based on her continued and persistent criminal conduct, her repeated violations of the conditions of her parole, and to afford her the opportunity to take advantage of opportunities for self-improvement provided by the Bureau of Prisons. It is well established that a district court's statement of reasons in the probation revocation context "need not be as specific as has been required for departing from a traditional guidelines range," Moulden, 478 F.3d at 657, and we

5

conclude the district court's reasoning in this case was sufficient.

Second, Langley's sentence is not substantively unreasonable, much less plainly so. Langley's violations of her probation, while minor, were numerous and persistent. While the Chapter 7 policy statements only suggested a five to eleven month sentencing range, this range was based only upon the severity of the single most severe violation. This circuit has recognized that it is appropriate for a district court, when facing a repeat probation violator, "to take account not only of the severity of probation violations, but also their number, in fashioning a revocation sentence." Id. at 658. Keeping in mind that "the sentencing court retains broad discretion to revoke a defendant's probation and impose a term of imprisonment up to the statutory maximum," id. at 657, we believe that the number and frequency of Langley's violations sufficiently justifies the district court's sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented before the court and argument would not aid the decisional process.

AFFIRMED